**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMIR SHABAZZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>JEFFREY A. BEARD, *et al.*,<br><br>        Defendants. | **Case No. 1:15-cv-00881-DAD-EPG-PC**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>(ECF No. 13)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT NOT EXCEEDING TWENTY-FIVE PAGES |

On October 16, 2014, Amir Shabazz ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed the Complaint commencing this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  The Court screened the Complaint pursuant to 28 U.S.C. §1915A and issued an order on June 26, 2015, dismissing the Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and gave Plaintiff leave to amend his complaint.  (ECF No. 10.)  On July 30, 2015, Plaintiff filed the First Amended Complaint, which is now before the Court for screening.  (ECF No. 13.)

1

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, a plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Id.* The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.*

II. **SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is currently incarcerated at San Quentin State Prison in San Quentin, California, in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). The events at issue allegedly occurred at Pleasant Valley State Prison ("PVSP") in Coalinga, California, when Plaintiff was incarcerated there from 2009 to 2011. Plaintiff names as defendants Jeffrey A. Beard, Ph.D. (former Secretary of CDCR), Paul Brazelton (former

2

Warden of PVSP, Edmund G. Brown (current Governor of California), Matthew Cate (former Secretary of CDCR), James D. Hartley (former Warden of Avenal State Prison), Susan L. Hubbard (Director of Adult Institutions at CDCR), Deborah Hysen (Director of Facility Planning at CDCR), Felix Igninosa, M.D. (Medical Director at PVSP), J. Clark Kelso (former Director of Health Care Services at CDCR), Tanya Rothchild (former Chief of the Classification Service Unit), Arnold Schwarzenegger (former Governor of California), Dwight Winslow, M.D. (former statewide Medical Director for CDCR), and the State of California.

Plaintiff suffers from the disease known as Valley Fever and seeks to hold defendants liable for placing him at PVSP where Valley Fever was prevalent.[1]  Plaintiff also seeks to hold defendants liable for their failure to provide him adequate treatment for the disease.

Plaintiff first experienced symptoms of Valley Fever in July 2010, although he was not diagnosed with Valley Fever until January 31, 2013.  He alleges that he was at heightened risk for Valley Fever when he was transferred to PVSP because he has asthma and Hepatitis C and was transferred there over his objections.  He alleges that no preventive measures were taken to protect him from Valley Fever.

In particular, Plaintiff identifies actions that he believes each Defendant took or failed to take that caused him to acquire Valley Fever:

- Defendant Beard "made no specific changes to the unconstitutional policy and practice of sending inmates to the hyper-endemic prisons";
- Defendant Brazelton "watched as Valley Fever infected large portions of the prison population directly under his control";
- Defendant Brown continued a policy "that resulted in excess numbers of inmates being transferred to hyper-endemic prisons";
- Defendant Cate "oversaw CDCR from 2008-2012, when most of the unconstitutional transfers and new infection cases occurred";

---

[1] Plaintiff also includes allegations about Avenal State Prison and Wasco State Prison (and names officials at Avenal as defendants), but does not allege that that he was ever at Avenal or Wasco or that he acquired Valley Fever while residing at either.

3

- Defendant Hubbard "wrote the 2007 memo which failed to acknowledge (80) years of scientifically-accepted fact that African-Americans and Filipinos, at a minimum, were also an [sic] unacceptable risk for Valley Fever";

- Defendant Hysen "failed to take any serious environmental mitigation measures as the person most responsible for the grounds";

- Defendant Igbinosa "adopted no practice or polices [sic] to correct the epidemic incidence rates";

- Defendant Kelso "did nothing of consequence to interrupt the adverse health consequences to prisoners in the hyper-endemic areas";

- Defendant Rothchild "transferred prisoners" without attempting "to minimize the transfer of at-risk prisoners to places where they would contract the fever";

- Defendant Schwarzenegger "was positively indifferent to the adverse health consequences accruing to the inmates";

- Defendant Winslow "was co-author of the 2007 memorandum which was under-inclusive with repsect to the pool of at-risk prisoners";

- Defendant Yates "did not adopt a known, single meaningful act to improve the problem [of Valley Fever] at PVSP or ASP."

Plaintiff does not make any allegations as to Defendant Hartley's involvement, despite naming him as a defendant.

Plaintiff requests monetary damages, including compensatory and punitive damages, as well as attorney's fees and costs. He also demands appointment of counsel.

### III. PLAINTIFF'S CLAIMS

The Civil Rights Act, under which this action was filed, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989), *quoting Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Chapman v.*

*Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

### A.   Sovereign Immunity

As an initial matter, the FAC names the State of California as a defendant in this action. The Eleventh Amendment contains "a general bar against federal lawsuits brought against a state." *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010), *citing Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003) ("The Eleventh Amendment erects a general bar against federal lawsuits brought against a state. However, suits against a state official are an exception to this bar. Under the doctrine of *Ex Parte Young*, suits against an official for prospective relief are generally cognizable, whereas claims for retrospective relief (such as damages) are not."). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. *Id.*; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n. 1 (9th Cir. 2012). Plaintiff thus cannot state a claim against the State of California.

### B.   Valley Fever

Plaintiff claims that Defendants violated his rights under the Eighth Amendment by housing him in a Valley Fever endemic area.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment is not a mandate for broad prison reform or excessive federal judicial involvement, however. *See Hallett*, 296 F.3d at 745; *Hoptowit*, 682 F.2d at 1246. Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521,

1531 (9th Cir. 1993) (en banc). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'[.] . . .
>
> As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to unconstitutional conditions of confinement to establish an Eighth Amendment violation. *See Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303. This requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'

*Farmer*, 511 U.S. at 834 (citations omitted); *see also Hope v. Pelzer*, 536 U.S. 730, 737-38 (2002); *Wilson v. Seiter*, 501 U.S. 294, 299-300 (1991) (discussing subjective requirement).

The Courts of this district have found claims arising from the housing of prisoners in a Valley Fever endemic area to be generally insufficient to establish a claim under the Eighth Amendment: "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." *King v. Avenal State Prison*, Case No. 1:07-cv-01283-AWI-GSA (PC), 2009 WL 546212, at *4 (E.D. Cal., Mar 4, 2009); *see also Tholmer v. Yates*, Case No. 1:06-cv-01403-LJO-GSA-PC, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to come forward with evidence that Yates is responsible for the conditions of which Plaintiff complains.").

More recently, in addressing a claim that CDCR officials are responsible for the contraction of Valley Fever by knowingly housing an African American inmate with a history of asthma in an endemic area, it has been held that "unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk that society would not tolerate." *Hines v. Yousseff*, Case No. 1:13-cv-00357-AWI-JL, 2015 WL 164215, at *5 (E.D. Cal. Jan. 13, 2015). Cases alleging the same facts as Plaintiff is alleging have also found no cognizable Eighth Amendment claims. *Gilbert v. Yates*, Case No. 1:09-cv-2050, 2010 WL 5113116, at *3 (E.D. Cal. Dec. 9, 2010) (no Eighth Amendment claim where plaintiff alleged that he acquired Valley Fever at PVSP and had history of asthma and hepatitis C); *see also Smith v. State of California*, Case No. 1:13-cv-0869-AWI-SKO, 2016 WL 398766, at *1 (E.D. Cal. Feb. 2, 2016) ("It has long been the position of this court that a constitutional right, whether under the Eighth or Fourteenth Amendments, is not violated where a prisoner or detainee is subjected to a condition that is no more dangerous than what the people in the community where the confinement occurs freely tolerate."); *Cunningham v. Kramer*, Case No. 1:15-cv-01362-AWI-MJS (PC), 2016 WL 1545303 (E.D. Cal. Apr. 15, 2016) (discussing history of case law in Valley Fever cases).

In *Jackson v. Brown*, the court found that even if prison officials had violated inmates' Eighth Amendment rights to be housed in correctional facilities where they were not exposed to harmful Valley Fever spores, prison officials were qualifiedly immune because these rights were not clearly established, given lack of any controlling case law recognizing such a right. *Jackson v. Brown*, 134 F.Supp.3d 1237, 1237 (E.D. Cal. 2015); *accord Smith v. Schwarzenegger*, F.Supp.3d 1233, 1252 (E.D. Cal. 2015), *citing Wilson v. Layne*, 526 U.S. 603, 617 (1999) (no "consensus of cases" has emerged "such that a reasonable [prison official] could not have believed that his actions were lawful.").

7

Under this law, Plaintiff fails to state a cognizable claim against any of the Defendants for violation of his Eighth Amendment right based on the fact that he was housed in a correctional facility where he was exposed to Valley Fever spores.

### C. Medical Claim

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" *Id.*, *quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *Lopez* takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a Court must examine whether the plaintiff's medical needs were serious. *See id.* Second, a Court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." *Id.* at 1132. "The indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Although Plaintiff titles the second cause of action "Deliberate Indifference to Inmate Health," it is unclear whether the claim is asserting that: (1) Plaintiff's serious medical needs were not met, or (2) Plaintiff's conditions of confinement were deleterious to his health. The Court has addressed above Plaintiff's allegations to the extent he is challenging the conditions of his confinement. To the extent Plaintiff is alleging that Defendants failed to provide appropriate medical care, Plaintiff has not alleged facts demonstrating that: (1) he had serious medical needs, or (2) Defendants showed deliberate indifference to those needs. Plaintiff has alleged that he had asthma and Hepatitis C, but he does not allege that these conditions created a particular need for medical care beyond that of any other prisoner.

Nor does he demonstrate that any of the Defendants acted (or failed to act) in his particular case in response to such a need.  Plaintiff alleges, for example, that Defendant Brazelton "watched as Valley Fever infected large portions of the prison population under his control at ASP and PVSP."  (FAC at 12, ECF No. 13.)  But this allegation does not show that Brazelton was aware of Plaintiff's serious medical needs or that he disregarded those needs by, for instance, denying Plaintiff medical treatment for those needs.  Plaintiff has failed to state a medical claim against any of the Defendants under the Eighth Amendment.

### D.     California Government Code § 835

Plaintiff includes a cursory reference to California Government Code § 835, which provides that:

> Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
>
> (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

As an initial matter, the Court has only supplemental jurisdiction over claims that occur under state law.  28 U.S.C. § 1367(a).  "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'"  *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995), *quoting Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir.1991).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of America v.*

*Gibbs*, 383 U.S. 715, 726 (1966).  Thus, the Court cannot hear Plaintiff's state claim because it has found no cognizable federal claims on which to proceed.

Moreover, California courts have generally dismissed claims under this section that allege damages not directly related to the "condition of [the] property."  In one instance, for example, a court sustained a demurrer on a § 835 claim where a plaintiff acquired tuberculosis because the county and city governments had (allegedly) failed to take adequate measures to protect city property from a known tuberculosis carrier.  *Jones v. Czapkay*, 182 Cal.App.2d 192, 204 (1960) ("The public streets complained of were not dangerous or defective either structurally or by way of their general use and operation."); *see also Durst v. Colusa Cnty.*, 166 Cal.App.2d 623, 626 (1958) (dismissing complaint related to faulty medical treatment where "plaintiff's injuries were not due to any defective condition of public property, a jail, or any general plan of use in operating it"); *Grove v. San Joaquin Cnty.*, 156 Cal.App.2d 808, 810 (1958) (dismissing prisoner complaint where "plaintiff's injuries were not due to any physical or defective condition of the jail itself or to any general plan of use in operating it but rather to an unprovoked beating administered by a fellow prisoner").

### IV.    CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted.  Although this is Plaintiff's first amended complaint, the Court notes that the original complaint was dismissed because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure and not because it was substantively inadequate.  Thus, the Court will provide Plaintiff with an opportunity to amend the FAC to comply with the substantive requirements above, if possible.  However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's

constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted). As previously required, Plaintiff's second amended complaint shall not exceed twenty-five pages.

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. The second amended complaint should be clearly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint, filed on July 30, 2015, be DISMISSED WITH LEAVE TO AMEND;
2. The Clerk's Office is DIRECTED to send Plaintiff a civil rights complaint form;
3. Within thirty (30) days after the date of service of this Order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Court in this Order;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:15-cv-00881-DAD-EPG-PC;
5. The Second Amended Complaint may not exceed twenty-five pages in length and will be stricken from the record if it violates this limitation; and,
6. Plaintiff's failure to comply with this Order shall result in a recommendation that this action be dismissed in its entirety.

IT IS SO ORDERED.

Dated:   **August 18, 2016**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE