UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHABAZZ,<br><br>       Plaintiff,<br><br>    vs.<br><br>JEFFREY A. BEARD, et al.,<br><br>       Defendants. | 1:15-cv-00881-DAD-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(ECF No. 13.)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.    BACKGROUND**

On October 16, 2014, Amir Shabazz ("Plaintiff"), a state prisoner proceeding *pro per* and *in forma pauperis*, filed the Complaint commencing this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff alleges that various prison authorities violated the Eighth Amendment by transferring him to a prison that suffered from a Valley Fever epidemic, and as a result he contracted Valley Fever.

The Court screened the Complaint pursuant to 28 U.S.C. §1915A and issued an order on June 26, 2015, dismissing the Complaint with leave to amend.  (ECF No. 10.)  On July 30, 2015, Plaintiff filed the First Amended Complaint, which is now before the Court for screening.  (ECF No. 13.)

\\\

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff was previously confined at Pleasant Valley State Prison, until he contracted Valley Fever and was subsequently transferred to San Quentin State Prison.  His complaint concerns the refusal of prison authorities to transfer him from Pleasant Valley State Prison until after he contracted Valley Fever.

Plaintiff names as defendants Secretary A. Beard, Secretary of California; Paul D. Brazelton, Warden at Pleasant Valley State Prison; Edmund G. Brown, Governor of California;

Matthew Cate, Former Secretary of the California Department of Corrections and Rehabilitation (CDCR); James D. Hartley, Warden of Avenal State Prison; Susan L. Hubbard, former director, division of adult operations; Deborah Hysen, Chief Deputy Secretary, Facilities, Planning, Construction and Management; Dr. Felix Igninosa, Medical Director, Pleasant Valley State Prison; J. Clark Kelso, Head of California Corrections Health Care Services; Tanya Rothchild, Former Chief of the Classification Service Unit; Arnold Schwarzenegger, Former Governor of the State of California; State of California, Public Entity; Dwight Winslow, Former Medical Director, CDCR; unknown Defendants 1-100.

Plaintiff is a 64-year old African American male. Plaintiff was transferred from Lancaster State Prison to Pleasant Valley State Prison in 2009. While at Lancaster State Prison, Plaintiff made medical staff aware of his history of having chronic asthma and viral hepatitis C and requested to remain at Lancaster or be transferred to a prison that did not have a Valley Fever epidemic. Plaintiff was nonetheless transferred to Pleasant Valley State Prison and remained there from 2009 through 2011. Plaintiff was denied a transfer at all levels on grounds that he did not meet the criteria for a transfer. Plaintiff was diagnosed with Valley Fever in 2010. After diagnosis, Plaintiff was transferred to San Quentin State Prison.

Plaintiff cannot exert himself physically without feeling winded. At times, Plaintiff's physical pain is so acute, he cannot get out of bed. Plaintiff believes his lungs are permanently compromised and he will suffer painful ailments forever.

IV.     **ANALYSIS OF PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386,

393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

### A. **Defendant State of California**

As an initial matter, Plaintiff's claims against the State of California itself are barred by sovereign immunity. Will v. Michigan Dept. of State Police 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity . . . .").

### B. **Valley Fever**

Plaintiff claims that Defendants violated his rights under the Eighth Amendment by housing him in a Valley Fever endemic area.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment is not a mandate for broad prison reform or excessive federal judicial involvement. See Hallett v. Morgan, 296 F.3d 732, 745 (9th Cir. 2002); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d at 1246; Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'[.] . . .
>
> As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to unconstitutional conditions of confinement to establish an Eighth Amendment violation. See Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303. This requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'

Farmer, 511 U.S. at 834 (citations omitted); see also Hope v. Pelzer, 536 U.S. 730, 737-38 (2002); Wilson v. Seiter, 501 U.S. 294, 299-300 (1991) (discussing subjective requirement).

Courts in this district have generally found claims arising from the housing of prisoners in a Valley Fever endemic area to be insufficient to state a constitutional violation under Section 1983:

> "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL 546212,*4 (E.D. Cal., Mar 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to come forward with evidence that Yates is responsible for the conditions of which Plaintiff complains.") More recently, in addressing a claim that CDCR officials are responsible for the contraction of Valley Fever by knowingly housing an African American inmate with a history of asthma in an endemic area, it has been held that "unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk that society would not tolerate." Hines v. Yousseff, 2015 WL 164215, *5 (E.D. Cal. Jan. 13, 2015).

Williams v. Biter, 2015 WL 1830770, at *3 (E.D.C.A., Apr. 9, 2015); see also Smith v. State of California, 2016 WL 398766, #1 (E.D.C.A. Feb. 2, 2016) ("It has long been the position of this

court that a constitutional right, whether under the Eighth or Fourteenth Amendments, is not violated where a prisoner or detainee is subjected to a condition that is no more dangerous than what the people in the community where the confinement occurs freely tolerate."); Cunningham v. Kramer, 2016 WL 1545303 (E.D.C.A. Apr. 15, 2016) (discussing history of case law in Valley Fever cases).

Furthermore, in Jackson v. Brown, this court found that even if prison officials had violated inmates' Eighth Amendment rights to be housed in correctional facilities where they were not exposed to harmful Valley Fever spores, prison officials were qualifiedly immune because these rights were not clearly established, given lack of any controlling case law recognizing such a right. Jackson v. Brown, 134 F. Supp. 3d 1237, 1237 (E.D. Cal. 2015); accord Smith v. Schwarzenegger, F.Supp 3d. 1233, 1252 (E.D. Cal. 2015), citing Wilson v. Layne, 526 U.S. 603, 617 (1999) (no "consensus of cases" has emerged "such that a reasonable [prison official] could not have believed that his actions were lawful.").

Plaintiff does not allege Defendants intentionally denied the transfer in order to subject Plaintiff to a risk of Valley Fever, nor that the risk to Plaintiff is higher than the risk facing those similarly situated in the surrounding community where the prison is located. Plaintiff received a transfer when he was diagnosed with the disease. Under the law cited above, Plaintiff fails to state a cognizable claim against any of the Defendants for violation of his Eighth Amendment right to be housed in a correctional facility where he was not exposed to harmful Valley Fever spores.

C. **Supervisory Liability**

Plaintiff names defendants who hold supervisory positions, such as Secretary A. Beard, Secretary of California; Paul D. Brazelton, Warden at Pleasant Valley State Prison; Edmund G. Brown, Governor of California; Matthew Cate, Former Secretary of the California Department of Corrections and Rehabilitation (CDCR); James D. Hartley, Warden of Avenal State Prison; Arnold Schwarzenegger, Former Governor of the State of California. Indeed, Plaintiff does not identify individuals who are directly responsible for his transfer beyond being in a supervisory capacity. Such supervisory individuals cannot be sued under Section 1983:

> "[G]overnment officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights."

Plaintiff has failed to link any of the defendants with an affirmative act or omission that demonstrates a violation of Plaintiff's federal rights, and thus Plaintiff's complaint is subject to dismissal on this basis as well.

V. **CONCLUSION AND RECOMMENDATIONS**

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez, 203 F.3d at 1127.

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-Strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v.

Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 29, 2016**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE