UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHABAZZ,<br><br>          Plaintiff,<br><br>     v.<br><br>JEFFREY A. BEARD et al.,<br><br>          Defendants. | No. 1:15-cv-00881-DAD-EPG<br><br>ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART FINDINGS AND RECOMMENDATIONS; AND REFERRING THIS MATTER TO THE MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS<br><br>(Doc. No. 27) |

Plaintiff Amir Shabazz is a state prisoner appearing *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) This matter proceeds on plaintiff's second amended complaint, which alleges claims under the Civil Rights Act, 42 U.S.C. § 1983, as well as the Federal Tort Claims Act. (Doc. No. 26.) On November 1, 2016, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's second amended complaint be dismissed without leave to amend. (Doc. No. 27.) The findings and recommendations were served on plaintiff with instructions that any objections thereto must be filed within thirty days. Plaintiff filed his objections on November 18, 2016. (Doc. No. 28.)

/////

1

1      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
2 *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's
3 objections, the court finds that the findings and recommendations are supported by the record and
4 proper analysis, with the exception of the court's recommended dismissal of plaintiff's Eighth
5 Amendment claim brought pursuant to § 1983.

6      Plaintiff's second amended complaint alleges as follows.  In 2009, he was transferred
7 from Lancaster State Prison to Pleasant Valley State Prison ("PVSP").  While in transit and at
8 Delano State Prison, he made medical staff aware of his history of chronic asthma and viral
9 Hepatitis C, and that he was susceptible to contracting coccidioidomycosis, or "Valley Fever."
10 Plaintiff asked to remain at Delano State Prison or be transferred a different prison that did not
11 have a known Valley Fever epidemic.  Prison officials disregarded plaintiff's request, and after he
12 was transferred to PVSP, plaintiff was diagnosed with Valley Fever in 2010.  (*See* Doc. No. 26.)
13 Plaintiff's Eighth Amendment claim is based on prison officials' alleged deliberate indifference
14 in placing him at PVSP despite knowledge of the risks that such a placement would pose.

15      In the pending findings and recommendations, the assigned magistrate judge concluded
16 that plaintiff had failed to state a cognizable claim based on a number of other district court
17 decisions dismissing similar claims arising from the housing of prisoners in a Valley Fever
18 endemic area.  (Doc. No. 27 at 5–6.)  Alternatively, the magistrate judge found that even if such a
19 claim is cognizable, prison officials were entitled to dismissal on qualified immunity grounds.
20 (*Id.* at 6.)  While the court acknowledges there has been a wide ranging discussion regarding the
21 propriety of a civil rights claim relating to Valley Fever, this court cannot find binding authority
22 that categorically excludes all such claims from being brought under the Eighth Amendment.
23 Because plaintiff has alleged that certain prison officials were aware of his susceptibility to
24 Valley Fever, that he was placed at PVSP despite of these warnings, and that he was later
25 /////
26 /////
27 /////
28 /////

diagnosed as having contracted Valley Fever, the court concludes that he has pled sufficient facts to state a cognizable Eighth Amendment claim.[1]

Moreover, the court declines to address the issue of qualified immunity at this early stage of the case. As a number of recent Ninth Circuit opinions have suggested, dismissal of these types of cases on qualified immunity grounds before defendants are required to file an answer is premature. *See, e.g.*, *Sullivan v. Kramer*, 609 F. App'x 435, 436 (9th Cir. 2015); *Samuels v. Ahlin*, 584 F. App'x 636, 637 (9th Cir. 2014); *Johnson v. Pleasant Valley State Prison*, 505 F. App'x 631, 632 (9th Cir. 2013).[2]

Accordingly,

1. The November 1, 2016 findings and recommendations (Doc. No. 27) are adopted, with the exception of the recommended dismissal of plaintiff's Eighth Amendment claim, as described herein;
2. Plaintiff may proceed on his Eighth Amendment claim in his second amended complaint; and
3. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **February 22, 2017**

UNITED STATES DISTRICT JUDGE

---

[1] As the magistrate judge correctly pointed out, however, plaintiff's Eighth Amendment claim may not be brought against certain defendants in their supervisorial capacities based on plaintiff's failure to adequately link an affirmative act or omission with the denial of plaintiff's constitutional rights. (*See* Doc. No. 27 at 7.)

[2] Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).