UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHABAZZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEFFREY A. BEARD, *et al.*,<br><br>　　　　Defendants. | Case No. 1:15-cv-00881-DAD-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT SUPERVISORY DEFENDANTS BE DISMISSED WITH PREJUDICE**<br><br>(ECF No. 26) |

Plaintiff Amir Shabazz is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 6, 2016, Plaintiff filed the Second Amended Complaint (the "SAC") in this action.  (ECF No. 26.)

The Court screened the SAC pursuant to 28 U.S.C. § 1915A and issued findings and recommendations regarding the SAC.  (ECF No. 27.)  In the Order Adopting In Part and Declining In Part the Findings and Recommendations, the District Judge found that Plaintiff should be allowed to "proceed on his Eighth Amendment claim in his second amended complaint," but noted that "plaintiff's Eighth Amendment claim may not be brought against certain defendants in their supervisorial capacities." (ECF No. 29.) The District Judge did not dismiss out any specific defendants with respect to the Eighth Amendment claim.

Pursuant to an order that will be entered concurrently with these findings and recommendations, the Court found that service of the SAC was appropriate, and forwarded

service documents to Plaintiff.  To ensure that the appropriate defendants are served, the Court issues the following findings and recommendations.

As previously explained, "government officials may not be held liable for the action of their subordinates under a theory of respondeat superior." (ECF No. 27, *citing Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009).) Thus, to state claim for relief under § 1983, a plaintiff must allege that the defendant "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.3d 1040, 1045 (9th Cir. 1989). Because the SAC alleges no more than a supervisory role for some defendants, the Court finds that the SAC fails to state a claim against defendants:  Edmund G. Brown, Governor of California; Arnold Schwarzenegger, former Governor of California; Jeffrey A. Beard, former Secretary of the Department of Corrections and Rehabilitation; and Matthew Cate, former Secretary of the Department of Corrections and Rehabilitation.[1]  Accordingly, based on the foregoing, it is hereby RECOMMENDED that these defendants be dismissed with prejudice from this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014), *citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 7, 2017**                    /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court understands that this list may not fully include all named defendants whose roles in the alleged actions were purely supervisorial. Thus, this order should not be read to preclude any remaining defendants from making any dispositive motion on the basis that they did not participate or know of the alleged constitutional violations.