IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHABAZZ,<br><br>                Plaintiff,<br><br>    v.<br><br>JAMES D. HARTLEY, *et al*.,<br><br>                Defendants. | Case No. 1:15-cv-00881-DAD-EPG (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT BRAZELTON SHOULD NOT BE DIMISSED<br><br>21 DAY DEADLINE |

    Amir Shabazz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that various prison authorities violated the Eighth Amendment by transferring him to a prison that suffered from a Valley Fever epidemic and that he has contracted Valley Fever as a result.

    On March 7, 2017, the Court entered an Order finding service of process appropriate for defendants Paul D. Brazelton, Susan L. Hubbard, Deborah Hysen, Felix Igbinosa, J. Clark Kelso, Tonya Rothchilds, Dwight Winslow, and James A. Yates. (ECF No. 31.)

    As to Defendant Brazelton, the Court received notice that service was returned unexecuted on June 30, 2017. (ECF No. 38.) The notice indicated that defendant Brazelton was the former Warden at Pleasant Valley State Prison at the time of civil violation before passing away on November 11, 2016.[1] (*Id*. at 1.)

---

[1] The California Department of Corrections and Rehabilitation ("CDCR") indicated that it would not accept service on behalf of Paul D. Brazelton. (ECF No. 38 at 2.)

1

Plaintiff has taken no action in connection with this notification concerning defendant Brazelton.

Federal Rule of Civil Procedure 4(m) provides:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 25(a) provides a procedure for substitution of parties upon death:

> (a) Death.
>
> > (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
> >
> > (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
> >
> > (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)

Federal Rule of Civil Procedure 25(d) applies to public officers sued in their official capacity as follows:

> (d) Public Officers; Death or Separation from Office. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial

> rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25(d).

Here, it appears based on Plaintiff's request for relief in his Second Amended Complaint that Plaintiff is requesting solely monetary relief. (ECF No. 26 at 20-21, "Prayer for Relief" requesting economic damages, non-economic damages, punitive damages, reasonable attorney fees, costs, interest and such other relief as the Court deems just and proper.) Because the Eleventh Amendment bars suits for damages against state officers acting in their official capacities, Plaintiff is suing the defendants in their individual capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68-71, 109 S. Ct. 2304, 2311-12, 105 L. Ed. 2d 45 (1989) (providing that a suit against a state officer in his official capacity is a suit against the state and states are protected against a suit for money damages by the Eleventh Amendment). Thus, it does not appear that Rule 25(d) is applicable.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is Ordered to Show Cause why Defendant Brazelton should not be dismissed for failure to timely effectuate service process and for failure to substitute him as a party;

2. Within twenty-one (21) days from the date of service of this order, Plaintiff shall file written response to this Order; and

\\\
\\\
\\\
\\\
\\\

---

[2] The Court also notes that Plaintiff is no longer incarcerated at Pleasant Valley State Prison, so any request for an injunctive relief may be moot unless Plaintiff can demonstrate that the official action he seeks to enjoin is "capable of repetition yet evading review." *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (citing cases for the principle that when an inmate is transferred from one state prison to another state prison, his claims for injunctive relief arising at the first state prison will generally be rendered moot).

3. If Plaintiff fails to comply with this order, the Court will recommend to the District Judge that Defendant Brazelton be dismissed.

IT IS SO ORDERED.

Dated: **February 20, 2018**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE