1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   AMIR SHABAZZ,                          Case No. 1:15-cv-00881-DAD-EPG (PC)

11                          Plaintiff,       FINDINGS AND RECOMMENDATIONS
                                             THAT DEFENDANT  BRAZELTON BE
12            v.                             DIMISSED

13   JAMES D. HARTLEY, *et al*.,             OBJECTIONS, IF ANY, DUE WITHIN 21
                                             DAYS
14                          Defendants.

15

16          Amir Shabazz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

17   with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that various prison

18   authorities violated the Eighth Amendment by transferring him to a prison that suffered from a

19   Valley Fever epidemic and that he has contracted Valley Fever as a result.

20          On March 7, 2017, the Court entered an Order finding service of process appropriate for

21   defendants Paul D. Brazelton, Susan L. Hubbard, Deborah Hysen, Felix Igbinosa, J. Clark Kelso,

22   Tonya Rothchilds, Dwight Winslow, and James A. Yates. (ECF No. 31.)

23          As to Defendant Brazelton, the Court received notice that service was returned unexecuted

24   on June 30, 2017. (ECF No. 38.)  The notice indicated that defendant Brazelton was the former

25   Warden at Pleasant Valley State Prison at the time of civil violation before passing away on

26   November 11, 2016.[1] (*Id.* at 1.)

27   _____
     [1] The California Department of Corrections and Rehabilitation ("CDCR") indicated that it would
28   not accept service on behalf of Paul D. Brazelton. (ECF No. 38 at 2.)

                                                  1

Plaintiff has taken no action in connection with this notification concerning defendant Brazelton.

Federal Rule of Civil Procedure 4(m) provides:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 25(a) provides a procedure for substitution of parties upon death:

> (a) Death.
>
>> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>>
>> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>>
>> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)

Federal Rule of Civil Procedure 25(d) applies to public officers sued in their official capacity as follows:

> (d) Public Officers; Death or Separation from Office. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial

rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25(d).

Here, it appears based on Plaintiff's request for relief in his Second Amended Complaint that Plaintiff is requesting solely monetary relief. (ECF No. 26 at 20-21, "Prayer for Relief" requesting economic damages, non-economic damages, punitive damages, reasonable attorney fees, costs, interest and such other relief as the Court deems just and proper.) Because the Eleventh Amendment bars suits for damages against state officers acting in their official capacities, Plaintiff is suing the defendants in their individual capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68-71, 109 S. Ct. 2304, 2311-12, 105 L. Ed. 2d 45 (1989) (providing that a suit against a state officer in his official capacity is a suit against the state and states are protected against a suit for money damages by the Eleventh Amendment). Thus, it does not appear that Rule 25(d) is applicable.[2]

On February 20, 2018, the Court issued an Order to Show Cause why Defendant Brazelton should not be dismissed for failure to timely effectuate service process and for failure to substitute him as a party. (ECF No. 60.) On February 28, 2018, Plaintiff filed a "notice of motion of non-opposition to Defendant Brazelton being dismissed." (ECF No. 62.)

Accordingly, the Court hereby RECOMMENDS that Defendant Brazelton be dismissed without prejudice pursuant to Rule 4(m) and 25(a) of the Federal Rules of Civil Procedure.

\\\
\\\
\\\
\\\
\\\

---

[2] The Court also notes that Plaintiff is no longer incarcerated at Pleasant Valley State Prison, so any request for an injunctive relief would be moot unless Plaintiff can demonstrate that the official action he seeks to enjoin is "capable of repetition yet evading review." *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (citing cases for the principle that when an inmate is transferred from one state prison to another state prison, his claims for injunctive relief arising at the first state prison will generally be rendered moot).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21)** days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014), *citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**March 8, 2018**__          ___/s/ Erica P. Grosjean___
                                      UNITED STATES MAGISTRATE JUDGE