# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHABAZZ,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFFREY A. BEARD, *et al.*,<br><br>        Defendants. | Case No. 1:15-cv-00881-DAD-EPG (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 70) |

      Amir Shabazz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that various prison authorities violated the Eighth Amendment by transferring him to a prison that suffered from a Valley Fever epidemic, causing him to contract Valley Fever.

      On April 9, 2018, Plaintiff filed a motion for the appointment of counsel. (ECF No. 70). Plaintiff argues that counsel should be appointed in this action due to the complexity of the allegations, the need for further discovery, and his deteriorating health from contracting Valley Fever.

      Plaintiff does not have a constitutional right to an appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court*

*for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even assuming that Plaintiff is not well versed in the law and that he has made serious allegations that, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **April 10, 2018**　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE