UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHABAZZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FELIX IGBINOSA,<br><br>　　　　　Defendant. | No. 1:15-cv-00881-DAD-EPG<br><br>ORDER DISMISSING DEFENDANT IGBINOSA AND TERMINATING ACTION<br><br>(Doc. No. 81) |

Plaintiff Amir Shabazz is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This matter is presently before the court pursuant to the mandate issued by the Ninth Circuit Court of Appeals (Doc. No. 81), vacating and remanding this court's previous denial of qualified immunity to defendant Igbinosa. Following this court's order denying defendant's motion to dismiss this action, the Ninth Circuit issued its decision in *Hines v. Youseff*, 914 F.3d 1218 (9th Cir. 2019). In *Hines*, a consolidated appeal, the plaintiffs challenged the constitutionality of housing inmates in a hyperendemic area for Valley Fever under the Eighth Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's Equal Protection Clause. 914 F.3d at 1226–27. The Ninth Circuit defined the Eighth Amendment right at issue in the consolidated appeals before it as "the right to be free from

1

heightened exposure to Valley Fever spores." *Id.* at 1228. The Ninth Circuit in *Hines* concluded that such a constitutional right was not clearly established at the time the defendant officials acted.[1] In light of that decision, the Ninth Circuit remanded this case and directed the court to grant Igbinosa's motion to dismiss on qualified immunity grounds.

The undersigned pauses to note that in *Hines*, the Ninth Circuit did not decide whether exposing inmates to a heightened risk of Valley Fever violates or could ever violate the Eighth Amendment. *Id.* at 1229 ("The courts below did not decide whether exposing inmates to a heightened risk of Valley Fever violates the Eighth Amendment. Neither do we.").[2] Instead, the Ninth Circuit proceeded "straight to the second prong of the qualified immunity analysis: whether a right to not face a heightened risk was 'clearly established' at the time" the officials in the cases before the court had acted. *Id.*[3]

---

[1] According to the dockets in each of the fourteen cases on consolidated appeal and the operative complaints in those cases, the time period at issue before the Ninth Circuit in *Hines* appears to be no broader than between 2003 and 2014. Therefore, the Ninth Circuit conclusion that the right of prisoners, including those at a heightened risk of contracting Valley Fever, to be free from exposure to Valley Fever spores was not clearly established at the time the defendant officials acted is limited to that time period within which plaintiff's allegations in this case fall. *See Hines*, 914 F.3d at 1230 ("We therefore conclude that *when the officials acted,* existing Valley Fever cases did not clearly establish that they were violating the Eighth Amendment.") (emphasis added).

[2] Indeed, the Ninth Circuit acknowledged that case law with respect to such a constitutional right was perhaps developing, but not yet clearly established. *Hines*, 914 F.3d at 1230.

[3] The court in *Hines* also chose to address, at some length, whether the alleged constitutional violation before it was so clear or obvious that no case specifically so holding was required. *See Hines*, 914 F.3d at 1230. Such "obvious" cases have been found to be extremely rare. *See District of Columbia v. Wesby*, ___U.S.___, ___, 138 S. Ct. 577, 590 (2018) ("Of course, there can be the rare 'obvious case,' where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances."); *West v. Caldwell*, 931 F.3d 978, 982–83 (9th Cir. 2019); *Schneyder v. Smith*, 653 F.3d 313, 330 (3d Cir. 2011) ("[T]his is one of those exceedingly rare cases in which the existence of the plaintiff's constitutional right is so manifest that it is clearly established by broad rules and general principles."); *see also Hope v. Pelzer*, 536 U.S. 730, 734–35 (2002). It seems apparent from the decision's statement of facts that the court in *Hines* did not view the cases before it to be of that rare variety. *See Hines*, 914 F.3d at 1223–26. Nonetheless, after concluding that the claims were not based upon any clearly established right, the court chose to also explain that there was no obvious or clear constitutional violation presented because: (1) since 2006, California prison officials' actions were supervised by a federal Receiver, "appointed by the federal court to assure

Nonetheless, in light of the Ninth Circuit's mandate, plaintiff's complaint against defendant Igbinosa must be dismissed on qualified immunity grounds.

Accordingly:

1. In keeping with the Ninth Circuit's decision in *Hines*, defendant Igbinosa is entitled to qualified immunity with respect to plaintiff's deliberate indifference claim based on his alleged exposure to Valley Fever;

2. Plaintiff's Eighth Amendment claim against defendant Igbinosa based on alleged exposure to Valley Fever is dismissed with prejudice on qualified immunity grounds; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 11, 2019**

UNITED STATES DISTRICT JUDGE

---

Eighth Amendment compliance" and who "actively managed the state prison system's response to Valley Fever"; and (2) there was no evidence that the risk of Valley Fever is one that society is not prepared to tolerate because millions of people accept that risk by voluntarily living in California's Central Valley. *Id.* at 1230–31. Whether this latter aspect of the decision in *Hines* is *dicta* is not relevant here. However, this portion of the *Hines* opinion appears not to have been based solely on the record before the court since the district court had dismissed the complaints, not granted summary judgment, on qualified immunity grounds. Moreover, by emphasizing that the plaintiffs had not claimed that state officials defied the orders of the Receiver, and that officials could have therefore reasonably believed that their actions were constitutional so long as they complied with such orders (914 F.3d at 1231), the opinion in *Hines* suggests that if, for example, officials were to fail to comply with such orders or if the receivership were terminated, the qualified immunity analysis in cases involving Valley Fever based claims under the Eighth Amendment may be different.

3